Ramone D. DURR, Plaintiff—Appellant,

v.

VENTURA COUNTY SHERIFF'S DEPARTMENT; A. Biter, Deputy; Vasquez, Deputy; Smith, Deputy; Bob Brooks, Sheriff, Defendants—Appellees.

No. 01–57101.

D.C. No. CV–00–08615–DDP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2002.

Decided Dec. 13, 2002.

Before D.W. NELSON and T.G. NELSON, Circuit Judges, and SCHWARZER,* District Judge.

MEMORANDUM **

Ramone Durr appeals the district court's grant of partial summary judgment to Deputy Biter and summary judgment to the Ventura County Sheriff's Department, Sheriff Brooks, and Deputies Smith and Vazquez. Durr also appeals from a jury verdict in favor of Deputy Biter. We affirm.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Durr's claims arise from a warrantless entry into his apartment by sheriff's deputies, followed by his arrest under California Penal Code Section 148 for obstructing their entry by deadbolting the door. Durr sued for various constitutional and civil rights violations on the basis of an allegedly illegal entry and search, failure to train and supervise, and false arrest. The district court granted summary judgment in favor of the defendants on all claims except the false arrest claim against Deputy Biter, finding that the defendants' actions were reasonable and that they were entitled to qualified immunity. The false arrest claim proceeded to a jury trial; the jury found in favor of the defendant, and Durr now claims that several jury instructions were improper.

At the hearing, Durr's counsel advised the court that he did not contend that the warrantless entry was not justified. Summary judgment was therefore proper.

With respect to the jury instruction issue, Rule 51 of the Federal Rules of Civil Procedure provides that "[n]o party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." The failure to object to a jury instruction results in a total waiver of the issue; there is no "plain error" analysis. *Hammer v. Gross,* 932 F.2d 842, 847–848 (9th Cir.1991) (en banc). "[T]he sole permissible deviation from the strictures of Rule 51 is that, where the trial court is aware of the party's concerns with an instruction and further objection would be unavailing, we will not require a formal objection." *Id.* at 847 (citation omitted).

The record does not show that Durr specifically objected to either Instruction 19 or Instruction 21, the two instructions that he now claims were erroneous, or to the failure to give additional instructions. Moreover, the record does not show that the court was aware of Durr's concerns with these instructions, much less that further objection would have been unavailing. Durr waived any objection to errors in these instructions.

AFFIRMED.